JUSTICE LEAPHART,
dissenting.
¶35 The majority determines that the law-of-the-case doctrine is inapplicable in the present case because the State timely objected to Instruction 20.1 dissent from the majority’s failure to apply the law-of-the-case doctrine. I conclude that Instruction 20 constituted the law of the case, and thus, the State bore the burden to prove the “supervision” element.
¶36 Under Montana law, a “party may not assign as error any portion of the instructions or omission from the instructions unless an objection was made specifically stating the matter objected to, and the grounds for the objection....” Section 46-16-410, MCA. Raising specific objections to jury instructions allows the parties and the district courts to “avoid or correct” any purported errors. State v. Davis, 2000 MT 199, ¶ 38, 300 Mont. 458, ¶ 38, 5 P.3d 547, ¶ 38. Assertions of error stand or fall on the grounds raised in the district court. Davis, ¶ 39 (citations omitted). In State v. Crawford, we held that “when the State fails to properly object to a jury instruction, the instruction, whether it includes an unnecessary element or not, becomes the law of the case once delivered, and the jury is accordingly bound by it.” 2002 MT 117, ¶ 27, 310 Mont. 18, ¶ 27, 48 P.3d 706, ¶ 27 (emphasis added). For a trial objection to be “proper,” the objection must be based on the same grounds as asserted on appeal. Davis, ¶ 38.
¶37 The above principles requiring a party to preserve issues for appeal through “proper” objections pertain to appellants. In a criminal *202 case, the State cannot appeal from a district court’s jury instructions. Here, although the State is not the appellant, it is nonetheless contending that Azure should not receive the benefit of an erroneous instruction. The State cannot, however, argue legal error at the appellate level unless it raised the error at trial.
¶38 The prosecutor, defense counsel, and the court discussed the proposed jury instructions prior to voir dire, and, as the majority notes, they presented the court their differing views as to when a violent offender’s duty to register is triggered. When settling the final jury instructions prior to closing, however, the State objected to Instruction 20 on the sole grounds that the factual circumstances present in the case that Azure relied on for Instruction 20’s language differed from those presented by Azure’s case. On appeal, the State objects to the instruction because it is not an accurate statement of the law. Thus, because the State now objects to Instruction 20 on different grounds than it argued to the District Court, its objection is not proper. Davis, ¶ 38. Because the State failed to properly object to the jury instruction, by raising a factual objection at trial and not a legal objection, the jury instruction becomes the law of the case. Davis, ¶ 38; Crawford, ¶ 27.
¶39 Other courts have allowed challenged jury instructions that misstate the law to constitute the law of the case when the basis for the trial objection differed from the grounds raised on appeal. For example, in King v. Sowers, 471 S.E.2d 481 (Va. 1996), the trial court gave a jury instruction over the plaintiff’s objection. The plaintiff objected at trial that the instruction was inapplicable to the evidence presented, but argued on appeal that the instruction misstated the law. The Virginia Supreme Court held that the instruction, though an incorrect statement of the law, became the law of the case because the trial objection did not challenge the instruction’s legal content. King, 471 S.E.2d at 484 (citations omitted).
¶40 In Iowa v. Maghee, 573 N.W.2d 1 (Iowa 1997), the criminal defendant objected on general grounds to a State’s jury instruction. On appeal, however, the defendant argued that the jury instruction had no authority in Iowa law. The Iowa Supreme Court refused to allow the defendant to “amplify the grounds for the objection at trial or assert the specific objection for the first time on appeal.” Maghee, 573 N.W.2d at 8. The court held that “the challenged instruction-right or wrong — became the law of the case” because the defendant’s trial objection failed to preserve error. Maghee, 573 N.W.2d at 8.
¶41 The holdings of King and Maghee comport with our jurisprudence regarding appellate review of jury instructions and the law-of-the-case *203 doctrine. At trial, the State failed to challenge the legal content of Instruction 20. Nonetheless, the State now argues that the instruction was a misstatement of the law. I conclude that since the State failed to raise a proper legal challenge to Instruction 20 at trial, the in struction becomes the law of the case, even though it does misstate the law. Considering the evidence and the applicable law of the case, including Instruction 20,1 conclude that sufficient evidence does not support the jury’s verdict, and I would reverse.
¶42 I dissent.